VICTOR SHERMAN (S.B.N. 38483)
LAW OFFICES OF VICTOR SHERMAN
A Professional Law Corporation
11400 W. Olympic Bl., Suite 1500
Los Angeles, CA 90064

Telephone: 424-371-5930
Facsimile: 310/392-9029
Email: victor@victorsherman.law

Attorneys for Defendant,
YAIR SHOSHANI,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 19-1695 |
| Plaintiff, ) | CRIM. CASE NO. CR 14-436-GHK |
| vs. ) | **YAIR SHOSHANI'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. §2255.** |
| YAIR SHOSHANI, ) | |
| Defendant-Movant. ) | |

COMES NOW Movant, Yair Shoshani, by and through his counsel of record, Victor Sherman, and hereby files this Memorandum in Support of His Motion to Vacate, Set Aside or Correct his Sentence Pursuant to 28 U.S.C. §2255.

DATED: March 7, 2019           Respectfully submitted,

/s/Victor Sherman

By: _____
VICTOR SHERMAN
Attorneys for Defendant/Movant
YAIR SHOSHANI

# I
# JURISDICTION

Jurisdiction lies to challenge this Court's decision under 28 U.S.C. §2255 to "vacate, set aside or correct the sentence," because Movant alleges that his sentence "was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." This Court has jurisdiction to hear this Motion because Movant "is in custody under or by color of the authority of the United States;... is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States;... [and] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1)-(3).

# II
# PRELIMINARY STATEMENT

Yair Shoshani, moves to vacate, set aside and correct the forfeiture and restitution orders . The grounds for this motion are that the criminal forfeiture and restitution orders in this case are illegal and thus constitute sentences contravening statutory and constitutional law. Shoshani failed to appeal these orders because the court failed to advise him that he had a right to appeal an unlawful sentence. This habeas corpus petition, which relies in part on a case decide after he was sentenced, is his only opportunity to correct his sentence.

# III
# STATEMENT OF FACTS

On March 10, 2016, Yair Shoshani pleaded guilty to a single count of conspiracy to commit bank fraud. RT 3/10/16 at 10. Pursuant to the plea agreement, Shoshani agreed to pay full restitution, *id*. at 14, and not to contest a substantial forfeiture, *id*. at 4, 7-8. Shoshani's prior counsel estimated Shoshani

had agreed to forfeit approximately $4,661,753.18 in funds along with five unencumbered parcels of real property with a market value above $2,000,000. Doc. No. 168 at p. 6. Based on these figures, the total forfeiture was in excess of $6.5 million. *Id*. It further was a condition of the plea agreement that the forfeited property would not count toward Shoshani's restitution obligation. Doc. No. 149 at p. 9.

When the case came before the court for sentencing on August 1, 2016, the court also imposed a restitution order in the amount of $4,552,039.23, despite defense arguments that this amount was not satisfactorily documented, RT 8/1/16 at 23, 25, and that substantial amounts had already been taken through forfeiture. As the defense explained, the agreement as to loss was solely for purposes of forfeiture. *Id*. at 23. Between the forfeiture and the restitution, Shoshani was assessed financial penalties amounting to two-and-a-half times the estimated losses.

After the court imposed its sentence, Shoshani wanted to appeal the amount of restitution, but was informed by the court and counsel on both sides that he had completely waived his right to appeal.

> THE COURT: And, Mr. Spertus, do you agree that pursuant to this written plea agreement that in light of the sentence imposed, there has now been an effective waiver by your client of the right to appeal his sentence?
>
> MR. SPERTUS: Yes, Your Honor.

*Id*. at 38.

What Shoshani was not informed was that he retained a right to appeal an illegal or unconstitutional sentence, such as one that violated the Excessive Fines Clause of the Eighth Amendment. As a result, Mr. Shoshani was led to sit on his rights and failed to appeal the amount of the forfeiture and restitution orders.

## IV

## **ARGUMENT**

Although defendant waived his right to appeal a custodial sentence under five years and a restitution order under $20 million, Doc. No. 149 at p. 16, ¶ 16, "[a]n appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P. 11; 2) the sentencing judge informs a defendant that he retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) *the sentence violates the law*." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) [emphasis added]. Here, Shoshani's combined forfeiture and restitution orders violated the Excessive Fines Clause of the Eighth Amendment. An illegal sentence that may be appealed, despite a waiver, is one that is not authorized by law or violates the Constitution. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986).

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). This has been interpreted to mean that a fine will be found to be excessive and therefore in violation ot the Eighth Amendment if it is grossly disproportional to the gravity of a defendant's offense. *Id.*

In this case, the criminal forfeiture was the equivalent of a fine, one that left Shoshani penurious. The district court, however, has the obligation to ensure that a defendant has the ability to pay a fine. U.S.S.G. § 5E1.2(a). It also must subordinate a fine to any restitution. Thus, a fine or other penalty may be imposed "only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution." 18 U.S.C. § 3572(b). Nonetheless, the court permitted an enormous forfeiture that included an express provision that the proceeds of the forfeiture would not be applied to restitution. This has left

Shoshani with a restitution debt of over $4.5 million that he will never be able to pay.

Not only does this result contravene the guidelines and sentencing statutes, it creates a counterproductive effect. Because of the government's decision to untether the forfeiture from compensation, the victims are unlikely to see more than negligible restitution, and any efforts that Shoshani makes to rebuild his life will be impeded by the debt that will likely hang over him for the rest of his life.

Moreover, the district court held Shoshani jointly and severally liable for the proceeds obtained by his codefendants. Last year, however, the Supreme Court, in *Honeycutt v. United States*, 137 S. Ct. 1626, 1630 (2017), held that application of the principles of joint liability to a forfeiture under 21 U.S.C. § 853 was contrary to the plain text and structure of § 853 and was not within the intent of Congress. Thus, the forfeiture is limited to the defendant's own property that was acquired with criminal proceeds and not property acquired by others in the course of the conspiracy. Contrary to *Honeycutt*, Shoshani was held liable for every penny that the government estimated the conspiracy garnered among all the other conspirators.

To be sure, Shoshani agreed to provide the government with a factual basis for the forfeiture by stipulating that the enumerated items"constitute[d] or [were] *derived* from proceeds traceable to violations of 18 U.S.C. §§ 371 and 1344 [emphasis added]," the use of the phrase "derived from" means only that *some* tainted funds were applied to the interest that Shoshani obtained in the property. See RT 8/1/16 at 23. He by no means conceded that there were no clean funds invested in the property. As such,"the presence of one illegal dollar in an account does not taint the rest—as if the dollar obtained from fraud were like a drop of ink falling into a glass of water." *United States v. $448,342.85*, 969 F.2d 474, 476 (7th Cir.1992).

As Shoshani's attorney argued at the sentencing, Shoshani only received

4

about $600,000 in proceeds. However the application of joint liability rules to the forfeiture made it appear that Shoshani received over $4 million while everyone else involved received nothing. RT 8/1/16 at 25.

The result here was an excessive forfeiture that contributed nothing to Shoshani's restitution obligation and left him with over $4.5 million in debt. Although this was both an illegal and unconstitutional sentence, Shoshani failed to appeal because the court informed him that this route was unavailable to him after he received a sentence that did not exceed five years.

Now that Shoshani has been able to bring this matter to the attention of the court on habeas corpus, the erroneous financial portion of Shoshani's sentence should be corrected. The forfeiture should reflect the actual proceeds Shoshani received and the government should disgorge the remaining forfeited funds accordingly to either restitution or Mr. Shoshani.

## CONCLUSION

For the foregoing reasons, Yair Shoshani was subjected to an illegal and unconstituional sentence that he failed to challenge on appeal because of affirmative misadvice that he received from the court at his sentencing.

DATED: March 8, 2019          Respectfully submitted,

/s/Victor Sherman

By: _____
VICTOR SHERMAN
Attorneys for Defendant/Movant
YAIR SHOSHANI

5